EB Mgt. Props., LLC v Maruf (2021 NY Slip Op 50770(U))

[*1]

EB Mgt. Props., LLC v Maruf

2021 NY Slip Op 50770(U) [72 Misc 3d 138(A)]

Decided on July 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-40 Q C

EB Management Properties, LLC,
Respondent,
against
Sultan Al Maruf, Appellant, Jane Doe and John Doe, Undertenants.

Sultan Al Maruf, appellant pro se.
Cooper, Paroff & Graham, P.C. (Ira G. Cooper of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Queens County
(Tracy Catapano-Fox, J.), entered April 23, 2019. The final judgment, insofar as appealed from
as limited by the brief, after a nonjury trial, awarded landlord possession and the sum of
$4,256.62, and dismissed tenant's counterclaim for breach of the warranty of habitability, in a
nonpayment summary proceeding.

ORDERED that the final judgment, insofar as appealed from, is affirmed, without costs.
Insofar as is relevant to this appeal in this nonpayment proceeding, tenant interposed a
counterclaim for breach of the warranty of habitability based upon, among other things, a bedbug
infestation and a water leak in the public hallway. After a nonjury trial, insofar as is relevant
here, the Civil Court awarded landlord a final judgment of possession and the sum of $4,256.62,
and dismissed tenant's warranty-of-habitability counterclaim.
Landlords are required to maintain properties in a habitable condition and in accord with the
uses reasonably intended by the parties (see Real Property Law § 235-b; Park W.
Mgt. Corp. v Mitchell, 47 NY2d 316 [1979]). To prevail on a defense or counterclaim based
on a breach of the warranty of habitability, a tenant must offer proof as to the dates, severity and
duration of the conditions complained of (see Sinclair v Ramnarace, 36 Misc 3d 150[A], 2012 NY Slip Op
51671[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Anoula Realty Corp. v Weiss, 16 Misc
3d 133[A], 2007 NY Slip Op 51496[U] [App Term, 2d Dept, 2d & 11th Jud Dists
2007]), and show that notice of the conditions was given to the landlord (see Anoula Realty Corp. v Weiss, 16
Misc 3d 133[A], 2007 NY Slip Op 51496[U]; New Franconia Assoc. v Popper, 2003
NY Slip Op 51116[U] [App Term, 1st Dept 2003]). Additionally, the tenant must [*2]show that the landlord was provided with access and an opportunity
to repair the conditions, yet failed to do so (see 150-15 79th Ave. Owners Corp. v James, 31 Misc 3d 132[A],
2011 NY Slip Op 50506[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Upon a
review of the record, we find that tenant failed to meet his burden.
Accordingly, the final judgment, insofar as appealed from, is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 30, 2021